UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLIE NEAL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Cause No.: |
| | ) |
| WAYNE TOWNSHIP FIRE | ) |
| DEPARTMENT | ) |
| | ) |
| Defendant, | ) |

## COMPLANT AND DEMAND FOR JURY TRIAL

### I.   NATURE OF THE CASE

1. This is an action brought by Plaintiff, Kimberlie Neal ("Neal"), by counsel, against Defendant, Wayne Township Fire Department ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000 *et seq.*

### II.   PARTIES

2. Neal is a resident of Putnam County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a division of Wayne Township, Marion County, Indiana, a local sub-unit of government in the State of Indiana. Defendant is located at 700 N. High School Rd., Indianapolis, IN 46214. Defendant may be served through its officer; Fire Chief Mike Lang. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(e).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Neal is an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Neal satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on gender. Neal received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Neal, who is a female, was hired by the Defendant in or about October 25, 2004. Neal is currently an Emergency Medical Technician ("EMT").

10. During her tenure, Neal has met or exceeded Defendant's performance expectations.

11. It is the Defendant's practice to randomly administer a breathalyzer test to employees.

12. On or about March 10, 2020, at 7:40 am, Defendant randomly administered a test to Neal at her station house. Under the Defendant's policy, an employee must blow below .02. On said date, Neal failed said breathalyzer test.

13. Per the Defendant's policy, Neal was transported to Concentra (5603 W. Raymond St.) for a "certified breath test" on the same day. At 8:33 am, Neal was administered a test and blew a .044. At 8:49 am, Neal was administered a second test and blew a .037.

14. On or about March 10, 2020, Neal sought an evaluation and treatment for alcohol use, per the Defendant's policy, at Rainbow Recovery. Said evaluation and treatment plan were approved by the Defendant.

15. At the time, Chief Randy Adams ("Chief Adams"), who is a male, was the Chief of Defendant. Chief Adams stated that since Neal was the first failed breathalyzer under the Defendant's new administration, he was going to, "make an example of her."

16. On March 17, 2020, Defendant sent a "Confidential Agreement" ("Agreement") to Neal. Said Agreement was sent by Deputy Chief of Administration Mike Lang ("Chief Lang"), who is a male. Said Agreement required the following:

   a. Defendant required successful completion of the Initial Treatment Plan, AOP Program and all objectives identified.
   b. Defendant required weekly Compliance Follow-up Letters to Chief Lang stating that Neal was in compliance with her treatment plan. Due by 4pm each Friday.
   c. Defendant required Neal to completely suspend all forms of social media while enrolled in treatment until released to return to duty.
   d. Defendant required Neal to remain in the status Leave-Detail while attending treatment at Rainbow Recovery. Neal's point of contact was with Chief Lang.
   e. Defendant noted that upon Neal's completion of her treatment plan and release to return to work, she would immediately serve 144 hours of discipline.
   f. Defendant required Neal to submit up to twelve additional random drug and alcohol screen tests over a two (2) year period, outside the regularly scheduled random drug and alcohol screenings. If during these additional tests, Neal tested positive for alcohol or illegal drug usage, she would be brought up for immediate termination following Defendant's current policies and procedures.
   g. Defendant noted that any failure by Neal to remain in compliance with Rainbow Recovery's Initial Treatment Plan shall be grounds for immediate withdrawal of the terms of the Agreement and further disciplinary actions may be taken.

17. On May 29, 2020, a "Suspension Without Pay" notice was provided to Neal. In said notice, it reiterated that Neal was to be suspended without pay for a total of 144 hours. Additionally, Neal was prohibited from working overtime.

18. On or about September 6, 2020, Lieutenant Ryan Rowley ("Rowley"), who is a male, failed a random breathalyzer test. The Defendant disciplined Rowley by only subjecting him to 23-hours of unpaid leave and required him to complete an online mental health course.

19. Additionally, another male firefighter (*name unknown*) failed a breathalyzer test in or about 2020/2021. The Defendant disciplined said individual by only subjecting him to 48-hours of unpaid leave.

20. Neal has been damaged due to Defendant's actions.

## V.     CAUSES OF ACTION

21. Neal hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant discriminated against Neal on the basis of her gender.

23. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

24. Defendant's actions were willful, intentional and done with reckless disregard for Neal's legally protected rights.

25. Neal has suffered damages as a result of Defendant's unlawful actions.

## VI.     REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Kimberlie Neal, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

3) Compensatory damages for the Defendant's violations of Title VII;

4) Punitive damages for the Defendant's violations of Title VII;

5) All costs and attorney's fees incurred as a result of bringing this action;

6) Pre- and Post-Judgement interest on all sums recoverable; and

7) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*
Andrew Dutkanych III
Taylor Ferguson
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: Tferguson@bdlegal.com
　　　　Ad@bdlegal.com
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Kimberlie Neal, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,
BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Taylor Ferguson*

          Andrew Dutkanych III
          Taylor Ferguson
          144 North Delaware Street
          Indianapolis, Indiana 46204
          Telephone: (317) 991-4765
          Facsimile: (812) 424-1005
          Email: Tferguson@bdlegal.com
                 Ad@bdlegal.com
          *Attorneys for Plaintiff*

8